**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE and JANE DOE, <br><br> Plaintiffs, <br><br> v. <br><br> NEW YORK CITY, *et al.*, <br><br> Defendants. | Civil Action No. 24-7522 (SDW)(CLW) <br><br><br> **WHEREAS OPINION** <br><br><br> August 8, 2024 |

**WIGENTON**, District Judge.

    **THIS MATTER** having come before this Court upon *pro se* Plaintiffs John Doe and Jane Doe's ("Plaintiffs") Complaint (D.E. 1 ("Compl.")), filed on April 22, 2024 in the Southern District of New York and transferred to this Court on June 7, 2024. This Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rules of Civil Procedure ("Rule") 8(a); and

    **WHEREAS** Plaintiff John Doe voluntarily revealed his identity as Bouazza Ouaziz in his 102-page Complaint[1] with 634 paragraphs, sixty-nine causes of action, and over 150-pages of exhibits. (*See generally* Compl.) The body of the Complaint is largely incoherent and confusing. (*Id.*) In it, Plaintiff Ouaziz appears to assert claims related to, *inter alia*, familial disputes, domestic violence incidents, immigration fraud, assault/sexual assault, deprivation of constitutional rights,

---

[1] *See* D.E. 1 at 3 ("Come now the plaintiff [sic] Bouazza Ouaziz and Jane does, and for their claims for relief against Defendants . . . .").

1

judicial misconduct, and medical services rendered to him. (*Id.*) Plaintiff Ouaziz names a myriad of Defendants, including, *inter alia*, his wife and her family, his wife's boyfriend, law firms, lawyers, medical providers, agencies of the State of New Jersey, law enforcement officers, New Jersey state court judges, and prosecutors. (Compl. at ¶¶ 1–3); and

**WHEREAS** Plaintiff Ouaziz had filed at least two virtually identical suits with this Court that were dismissed pursuant to Rule 12(b)(6): *Ouaziz v. City of Jersey City, et al.*, No. 22-4546 ("*Ouaziz I*") and *Ouaziz v. Murphy, et al.*, No. 23-2696 ("*Ouaziz II*"). Having reviewed the present Complaint and the complaints[2] in *Ouaziz I* and *Ouaziz II*, this Court finds that the instant action arises from allegations essentially similar to those pled in *Ouaziz I* and *Ouaziz II*, albeit against new Defendants; and

**WHEREAS** "[A] court may *sua sponte* dismiss a claim on *res judicata* grounds 'if a court is on notice that it has previously decided the issue presented.'" *See Copeland v. US Bank Cust PC5 Sterling Nat'l*, No. 20-7016, 2021 WL 2134942, at *7 (D.N.J. May 26, 2021) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). This Court in *Ouaziz II sua sponte* held that the doctrine of *res judicata* barred all of Plaintiff's claims because the allegations and claims underlying the *Ouaziz II* complaint were essentially similar to those in *Ouaziz I*, which was previously dismissed. *See Ouaziz II*, 2024 WL 397708, at *4; and

**WHEREAS** to determine whether *res judicata* applies, courts within the Third Circuit do not employ a mechanical approach. *Marmon Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013*)* ("We have disavowed attempts to create a simple test for determining what constitutes a cause of action for res judicata purposes." (quoting *Duhaney v. Att'y Gen.*, 621 F.3d 340, 348 (3d Cir. 2010))). Instead, courts focus on the "essential similarity

---

[2] The instant Complaint is equally as incoherent and confusing as those in *Ouaziz I* and *Ouaziz II*.

2

of the underlying events giving rise to the various legal claims." *Id.* (citation omitted). Factors relevant to this determination include "(1) whether the acts complained of were the same; (2) whether the material facts alleged in each suit were the same; and (3) whether the witnesses and documentation required to prove such allegations were the same." *Id.* at 394–95 (citation omitted); and

**WHEREAS** *res judicata* bars the instant action because its underlying claims and allegations are essentially similar to those in *Ouaziz I* and *Ouaziz II*. To the extent this action names new defendants who were not part of *Ouaziz I* and *Ouaziz II*, *res judicata* bars the instant action against the newly named Defendants, too. *See Ouaziz II*, 2024 WL 397708, at *5 (citing *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972) (holding that *res judicata* applies "where there is a close or significant relationship between successive defendants")). Here, as in *Gambocz*, the sole material change in this suit is the addition of defendants who were not previously sued; and

**WHEREAS** even if *res judicata* does not bar all of Plaintiff's claims, the Complaint does not comply with Rule 8. The Complaint, which is 102 pages with over 600 paragraphs and sixty-nine causes of action, is dense and difficult to follow, and comes nowhere near the "short and plain statement" requirement of Rule 8. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996) (finding the district court did not abuse its discretion when dismissing a complaint which was "unnecessarily complex and verbose," featuring more than "600 paragraphs and 240 pages"); *McDaniel v. N.J. State Parole Bd.*, No. 08-0978, 2008 WL 824283, at *2 (D.N.J. Mar. 26, 2008) (dismissing a "rambling and sometimes illegible" 17-page, single-spaced complaint as not in compliance with Rule 8). Indeed, the Complaint fails to provide a clear narrative of either the factual or legal basis for Plaintiff's claims. *See* Rule 8(a)(2) (providing that an adequate complaint

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); and

Accordingly, Plaintiffs' Complaint is *sua sponte* **DISMISSED** without prejudice. An appropriate order follows.

/s/ Susan D. Wigenton<br>**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Cathy L. Waldor, U.S.M.J.
    Parties